## NAPPS, INC.
*vs.*
## FRED ONUPARIK

Court of Common Pleas   New London County   File No. 9696

MEMORANDUM FILED JUNE 17, 1943.

*Maurice W. Meyer*, of Norwich, for the Plaintiff.

*Gruskin & Gruskin*, of New London, for the Defendant.

CULLINAN, J.   Henry Butola, an acetylene torch opera-tor of Norwich, on or about September 20, 1941, opened a charge account with the plaintiff corporation, owner of a haberdashery and clothes shop at Norwich.   The account hav-ing become delinquent, civil action was instituted by the plaintiff, and, on July 14, 1942, judgment was entered by a Norwich justice of the peace for the plaintiff to recover of "Henry Buturla" the sum of $44.94 and costs totalling $9.07.

Contemporaneous with the entry of judgment, an order was passed directing "Henry Buturla" to pay $5 per week

on account of said judgment and costs. There was no compliance with the order. At this point it should be observed that the defendant, in the aforesaid civil action, was, at all times and in all pleadings and proceedings, described as "Henry Buturla" rather than "Henry Butola", his legal name and the name under which he opened his charge account.

In late October, 1942, Henry Butola became an employee of the defendant herein (Fred Onuparik). Mr. Onuparik is the owner and operator of a general construction business with particular emphasis on road building. The employment of Butola having been disclosed to agents of Napps, Inc., request was made for an order for an execution which, on November 10, 1942, was issued by the trial justice, directing Fred Onuparik, the employer, to retain all sums in excess of $15 a week earned by "Henry Buturla" until such time as sufficient money had been withheld to meet the original judgment and costs.

The procedure resorted to by Napps, Inc., in seeking an execution directing Mr. Onuparik to withhold wages in excess of $15 per week, finds its statutory authority in subsection b of section 1414e of the 1939 Supplement to the General Statutes in the following language: "when any debt accruing by reason of personal services is due and owing to the judgment debtor [Butola]....to the amount of fifteen dollars or more per week....the judgment creditor [Napps, Inc.] may apply to the court in which judgment was recovered and the court....shall issue....an order directing that an execution issue against such amount of such debt accruing by reason of personal services due such judgment debtor, as shall exceed fifteen dollars per week, and on presentation of such execution by the officer to whom delivered for collection to the person [Onuparik]....from whom such debt accruing by reason of personal services is due and owing or shall thereafter become due and owing to the judgment debtor, such execution shall become a lien and a continuing levy upon such debt to the amount specified therein, until such execution and expenses shall be fully satisfied and paid."

Subsection d of section 1414e, *supra*, provides: "Each person....to whom such execution shall be presented, and who shall at such time be indebted to the judgment debtor named in such execution, or who shall become indebted to such judgment debtor in the future, and while such execution shall

remain a lien upon such indebtedness, shall pay over to the officer presenting the same such amounts as such execution shall prescribe until such execution shall be wholly satisfied."

Failure of an employer to meet his statutory obligation is to be penalized in the following fashion (subsection e, section 1414e, *supra*): "If such employer....to whom such execution shall be presented, shall fail or refuse to pay over to such officer....such employer shall be liable to an action therefor by the judgment creditor named in such execution, and· the amount so recovered by such judgment creditor shall be applied toward the payment of such execution."

On November 12, 1942, a deputy sheriff of New London County, armed with the aforementioned execution, called at the business office of Mr. Onuparik where he engaged in conversation with an office manager and stenographer, Miss Helen Booth, who, after having examined the execution, indicated that no "Henry Buturla" was in the employ of Mr. Onuparik. However, the execution was left with this employee by the sheriff, and, upon Mr. Onuparik's return to his desk, was delivered to him by Miss Booth.

Within several days, certainly not exceeding a week, Mr. Onuparik visited the project upon which Henry Butola was employed as an acetylene torch operator. Substantially, Mr. Onuparik told his employee of the execution, naming "Henry Buturla" as the judgment debtor; inquired whether the employee was known as "Henry Buturla", and inquired whether the employee was indebted by reason of any judgment having been secured against him. Having received negative responses to these inquiries, Mr. Onuparik then asked the employee to produce his social security registration card, which identified the employee as "Henry Andrew Butola." Thus convinced that the employee, Henry Butola, was not, in fact, "Henry Buturla", Mr. Onuparik failed to recognize the execution and continued to pay Butola his full weekly wage as earned.

Onuparik's failure to recognize the execution and his failure to withhold weekly earnings in excess of $15 resulted in a civil action, instituted December 19, 1942, by Napps, Inc. vs. Fred Onuparik, wherein was sought to enforce the penalty provided by subsection e of section 1414e, quoted above in detail. Following trial, judgment was entered for Napps, Inc. to recover of Onuparik $59.01 damages and costs taxed

at $15.62. From this judgment of a justice of the peace, appeal was taken to furnish the present litigation.

Assuming, without deciding, that delivery of the execution by the deputy sheriff to the defendant's stenographer and office manager, rather than to the defendant, constituted "presentation of such execution to the person from whom such debt, accruing by reason of personal service, is due and owing", the determinative question is the intent of the General Assembly in enacting section 1414e, *supra*.

"A statute should be construed, having in view the nature and reason of the remedy and the object of the statute, in order to give effect to the legislative intent." *Newton's Appeal*, 84 Conn. 234, 241, quoted in *Bridgeman vs. Derby*, 104 Conn. 1, 8.

Obviously, section 1414e was designed to afford assistance to judgment creditors who might desire to garnishee wages of judgment debtors. Further, the statute was designed to expedite this assistance by compelling the cooperation of employers of judgment debtors. The statute contemplates good faith, ordinary prudence, and reasonable care on the part of every employer to whom an execution is directed, to the end that employee's wages, in excess of $15 a week, may be withheld and husbanded against the liquidation of his debts.

It is essential that Mr. Onuparik's conduct be searched, in the instant matter, to determine whether he employed the good faith, ordinary prudence and reasonable care contemplated by the statute.

In the light of Onuparik's visit to the project on which Henry Butola was employed; in the light of his queries to this employee; in the light of his examination of the employee's social security registration card, and in the light of Butola's disavowal of an outstanding judgment, can it be said that Mr. Onuparik was not thoroughly justified in his refusal to honor the execution?

In considering his conduct, it should be borne in mind that the credit account carried by Napps, Inc. was properly charged to Henry Butola. Through the exercise of ordinary vigilance, the original writ, summons and complaint should have been directed against Henry Butola rather than against "Henry Buturla"; all subsequent pleadings and proceedings

should have been prepared and conducted in similar fashion; and but for this inadvertence the execution, ultimately issued, would have described the judgment debtor as Butola rather than "Buturla."

The modern business office is carrying a staggering burden. Ordinary business activity involves the preparation and handling of a countless number of forms, questionnaires, memoranda, schedules, regulations, and miscellaneous data. To add to these complexities by attempting to require an employer to honor a faultily prepared execution which, with ordinary care might have been faultless, is asking for an unjust result.

I find that Mr. Onuparik was vigilant, prudent and reasonable, within the intendment of section 1414e, *supra*. I find that he was of the honest opinion that his employee, Henry Butola, was not the "Henry Buturla" described in the execution. I find that he was justified in failing to honor the execution. I conclude, therefore, that he is not to be subjected to the penalty provided by subsection e of section 1414e.

Judgment may enter for the defendant to recover of the plaintiff his costs.